RUSTED v. NICARAGUA MAIL STEAM NAVIGATION & TRADING CO.

(District Court, S. D. New York. June 23, 1893.)

COLLISION—STEAMSHIP AND LIGHTER—ORDERS TO CAST OFF.

A lighter came alongside of a steamship at anchor in an open roadstead, and, on being cast off, was carried by the swell against the ship's side, causing the latter some damage, to recover which this libel was filed. On conflicting evidence, the court found that the master of the ship had ordered the lighter away, and had given the order to cast off her lines, whereupon the collision had occurred before the tug in charge of the lighter could get her under control in the seaway. *Held*, that the ship could not recover.

In Admiralty. Libel for collision. Dismissed.

Goodrich, Deady & Goodrich, for libelant.
Daly, Hoyt & Mason, for respondents.

BROWN, District Judge. In the forenoon of October 19, 1891, while the libelant's steamship Albert Dumois was discharging cargo, being at anchor in the roadstead off Graytown, Central America, she received some slight damage from a loaded lighter, which had been towed out to her by the respondents' tug. There was a heavy swell rolling towards the land, which was on the port side of the ship. The libelant contends that the lighter was negligently cast off by the tug when 20 or 30 yards distant on the port or lee side of the steamship, and that either by the current or the sea, the lighter was swung against the port side of the steamer, doing some damage to one of her plates. The master and one additional witness for the steamer testify to the above facts. Four witnesses for the tug, however, namely her pilot, mate and engineer, and a lighterman from another lighter alongside the steamer, all testify that the lighter was first properly landed alongside the steamship, and made fast to her by stern and bow lines before the collision; that the tug thereupon drew away and hauled in her hawser; that the master of the Dumois thereafter hailed the tug to take the lighter away as he had not enough crew to handle two lighters at one time; that he also gave the order to cast off the lines of the lighter from the Dumois; and that the stern line having been cast off before the lighter had been made fast to her, the lighter swung off somewhat from the ship, but not being under control in the heavy swell, the two again came together, causing the slight damage complained of. The master of the Dumois testifies that he did direct the tug to take the lighter ashore again, but says that this was after the collision.

The weight of testimony seems to me clearly in favor of the respondents. One passage in the testimony of the master is, moreover, in conflict with the rest of his testimony on this point, although nothing is stated as a correction of it:

"Question. Did you give any orders to the Millard to cast off lighter No. 1 when it came alongside on the 9th of October? Answer. Yes, sir; after she struck.

"Q. Did you give any orders for her to cast off— A. No.
"Q. Do you know who did give the order to cast the lighter off? A. No.
"Q. Did you hear the order given? A. No.
"Q. Did you ask any one to cast the lighter off from the Millard? A. No."

It is difficult to tell precisely what is intended by some of these questions and answers. The pleadings speak of casting off twice; first, from the tug Millard; and afterwards, from the Dumois. The answer to the first question above quoted cannot be exact; for it is certain the master did not give any order to the Millard to cast the lighter off when it came alongside. In another passage he says that "the lighter was not cast off from the Millard by any order from any one aboard the ship;" and that "he did not direct when the lighter was to be cast off;" and that "that was none of his business." As that is undoubtedly correct, the only order to "cast off" which he could have given, and which, in answer to the first question quoted, he says he did give, must have been after the lighter was alongside, as the respondents' four witnesses all assert. The master's first answer is some confirmation of the respondents' witnesses, though afterwards on re-examination he denies having given any such order. Aside from this, however, and even if this passage in the master's testimony be wholly disregarded as a mistake, the preponderance of proof is so clearly on the side of the respondents' witnesses, that the libel must be dismissed, with costs.